IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRADFORD TILGHMAN

    Petitioner,

v.

WARDEN BAILEY and
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No. 1:23-cv-1669-LKG

Dated: April 2, 2024

## MEMORANDUM OPINION

Respondents assert that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by self-represented Petitioner Bradford Tilghman should be dismissed based on the abstention principles set forth in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). ECF No. 6. Tilghman has not filed a reply. For the reasons stated herein, the Petition shall be dismissed without prejudice and a certificate of appealability shall be denied.

**I.     Background**

On October 5, 2017, Tilghman was indicted on ten counts of first and second-degree assault, home invasion, third-degree burglary, fourth-degree burglary (two counts), reckless endangerment, carrying a dangerous weapon with intent to injure (two counts) and malicious destruction of property in the Circuit Court for Somerset County, Maryland. ECF No. 6-1 at 5 (docket).

Tilghman filed a self-represented motion to discharge his attorney on June 25, 2018. ECF No. 6-1 at 27-29 (Motion). A hearing on the motion was held on July 16, 2018, and after

hearing from both Tilghman and his attorney, the court found that there was no meritorious reason for discharging counsel and advised Tilghman he would have to represent himself at trial if he wanted to discharge his attorney. ECF No. 6-3 (transcript). Tilghman indicated that he wished to proceed with discharge of counsel, and he represented himself in a one-day jury trial. *Id.* at 6, transcript p. 20-21.[1] During the discharge of counsel colloquy, the court did not specifically advise Tilghman that he was charged with third-degree burglary, reckless endangerment, two counts of fourth-degree burglary nor did the court advise him of the maximum penalties for those offenses; the court did review the other counts of the indictment as well as the maximum penalty for each count. *Id.* at 7, transcript 22-23.

The jury found Tilghman guilty of second-degree assault, reckless endangerment, two counts of fourth-degree burglary, one count of carrying a dangerous weapon with intent to injure, and malicious destruction of property. ECF No. 6-5 at 71, transcript 278-79. Tilghman was acquitted on all other counts. *Id.*

On October 17, 2018, the court sentenced Tilghman to serve 10 years for second-degree assault, three years concurrent for fourth-degree burglary, three years consecutive for carrying a dangerous weapon with intent to injure, and 60 days concurrent for malicious destruction of property. ECF No. 6-6 at 3, transcript 6-7.

Tilghman filed a direct appeal with the Appellate Court of Maryland regarding alleged errors by the trial court in connection with the failure to provide a self-defense jury instruction, imposition of separate sentences for burglary and malicious destruction, and permitting an alleged improper closing argument by the prosecution. ECF No. 6-1 at 63. The Appellate Court

---

[1] The transcripts submitted by Respondents are in a condensed format with four pages to each page. Both the page number assigned by the Court's electronic docketing system and the page number of the transcript are provided in this opinion.

affirmed Tilghman's convictions in an unreported opinion issued on October 22, 2019. *Id.* at 110-21. The mandate issued on November 22, 2019. *Id.* at 122. Tilghman did not pursue certiorari review with the Supreme Court of Maryland.

Tilghman also filed a self-represented petition for post-conviction relief while his direct appeal was pending. ECF No. 6-1 at 30-44. He raised five claims, all of which alleged that the State knowingly used perjured testimony and suppressed exculpatory evidence. *Id.* In a supplemental petition filed by counsel, Tilghman alleged that (1) the "trial court erred in finding that Mr. Tilghman knowingly and voluntarily waived his right to counsel where Mr. Tilghman had not been correctly advised of the allowable penalties in violation of Md. Rule 4-215(a)(3)"; and (2) that his appellate attorney "rendered ineffective assistance by failing to raise the Rule 4-215 violation on appeal."[2] *Id.* at 134.

The post-conviction court issued an opinion on December 5, 2022, granting in part and denying in part Tilghman's petition. ECF No. 6-1 at 151-60. Specifically, the post-conviction court found that:

> When [Tilghman] discharged Trial Counsel during his waiver of counsel hearing, the requirements set forth by Md. Rule 4-215(a) were triggered, as it was [Tilghman's] first appearance in court without counsel. However, during [Tilghman's] Md. Rule 4-215(a) advisement, the Court failed to advise [Tilghman] that he was charged with third-degree burglary, reckless endangerment, and a second count of fourth degree burglary, as well as the allowable penalties for each. The Court did not comply with Md. Rule 4-215(a)(3), as the Court gave Petitioner incorrect advisements as to the nature of the charges in the charging document and the corresponding penalties at Petitioner's first appearance in court without counsel.
>
> These incorrect advisements directly conflicted with any correct advisements given by prior judges in the case, meaning they were not permitted "supplements" used to fill in the gaps in the Md. Rule 4-215(a) litany provided by the prior judges. Similarly, the Court did not later correct the advisements

---

[2]     Md. Rule 215(a)(3) states that when a defendant has a first appearance in court without counsel, the judge must "[a]dvise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any."

3

>that were given at [Tilghman's] first appearance without counsel by acknowledging that the Court had omitted three charges and their allowable penalties.

*Id.* at 156-57 (internal citations omitted). The post-conviction court further found that appellate counsel rendered ineffective assistance of counsel when the Md. Rule 4-215(a) issue was not raised on direct appeal and, instead, raised three weaker claims. *Id.* at 158-60. Based on these findings, the post-conviction court granted Tilghman leave to file a belated notice of appeal. *Id.* at 160. Tilghman's appeal is still pending.

In the Petition filed with this Court Tilghman asserts that the State suppressed exculpatory evidence; the State knowingly used perjured testimony; the trial court denied him a fair and impartial trial when it allowed the State to suppress evidence and introduce perjured testimony and by not denying a "fraudulent motion;" and the clerk denied Tilghman his right to a fair trial by failing to subpoena a witness and evidence. ECF No. 1 at 5.

## II.   Discussion

The *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *accord United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F.Supp.2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)). Further, this Court's

4

intervention in an ongoing State criminal proceeding is not proper unless "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens*, 444 F.3d at 241 (internal quotations omitted).

In this case, Tilghman's direct appeal is ongoing and may result in the reversal of his conviction rendering the claims he raised in this Court moot. Tilghman has the opportunity to raise his federal constitutional claims in State court. Lastly, there is no basis for finding that this Court's intervention would be proper in this case as there is an absence of any extraordinary circumstance warranting such an intervention.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Tilghman may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III.    Conclusion

By separate Order which follows, the Petition for Writ of Habeas Corpus shall be dismissed without prejudice to refiling and a certificate of appealability shall be denied.

**IT IS SO ORDERED.**

4-2-2024
Date

LYDIA KAY GRIGGSBY
United States District Judge